**Mary E. ROGERSON, Appellant,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES.**

No. 87–5553.

United States Court of Appeals, Third Circuit.

Argued Jan. 12, 1988.

Decided March 29, 1989.

Frank A. Cristaudo (argued), Cristaudo & White, West Deptford, N.J., for appellant.

Samuel A. Alito, Jr., U.S. Atty., Donald A. Gonya, Chief Counsel for Social Security, Randolph W. Gaines, Deputy Chief Counsel, for Social Security Litigation, A. George Lowe, Chief, Disability Litigation Branch, William E. Wilkin (argued), Office of the General Counsel, Social Security Div., Dept. of Health and Human Services, Baltimore, Md., Christine Piatek, Sp. Asst. U.S. Atty., U.S. Atty., Newark, N.J., for appellee.

Before HIGGINBOTHAM and BECKER, Circuit Judges, and SHAPIRO, District Judge.*

OPINION OF THE COURT

SHAPIRO, District Judge.

This is an appeal from an order of the district court granting the motion to dismiss of the defendant Secretary of Health and Human Services (the "Secretary"). Mary E. Rogerson ("Rogerson") sought review of the Secretary's denial of disability insurance benefits on the ground of administrative *res judicata*. Appellant Rogerson contends that the district court, after finding correctly that *res judicata* could not apply to a prior application, erroneously dismissed the claim on an inadequate record instead of remanding the case to the Secretary. We do not agree with the district court that giving the Secretary's prior determination *res judicata* effect was improper nor do we find that application of *res judicata* violated claimant's constitu-

* Honorable Norma L. Shapiro, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

tional rights. Hence, the dismissal below is affirmed for lack of jurisdiction to review the action of the Secretary.

On September 30, 1975, Rogerson, plaintiff and appellant herein, filed her first application for disability insurance benefits under Title II of the Social Security Act ("Act"); 42 U.S.C. §§ 401–433. Rogerson claimed that she was disabled since June, 1975 because of kidney problems, a liver disorder, and high blood pressure. At the time she made this application, Rogerson was 51 years of age.

That application was denied initially, after reconsideration, and after an administrative hearing. Following the hearing, the Administrative Law Judge ("ALJ") concluded on October 21, 1976 that Rogerson was not under a "disability" as defined by the Act and could perform both light and sedentary work. The ALJ also found that Rogerson met the earnings requirement of the Act through the quarter ending September 30, 1978.[1] After Rogerson's request for review of the hearing decision by the Appeals Council was denied, she obtained review in the district court; the administrative decision of October 21, 1976 was affirmed on the ground that it was supported by substantial evidence. *Rogerson v. Secretary of Health and Human Services*, No. 77–1832, Slip Op. (D.N.J. February 10, 1979, Cohen, J.) That decision was final as no appeal was taken.

On September 30, 1980, Rogerson filed a second application for disability benefits. Rogerson stated that she was suffering from hypertension and an enlarged liver and spleen that prevented her from working since September, 1975. The Secretary, denying her application initially, found that Rogerson did not suffer from a severe impairment. Because Rogerson did not seek any review of this determination, it became a final decision of the Secretary.

On October 15, 1985, after consulting counsel, Rogerson made the third application for disability benefits now at issue. She alleged that she had been disabled because of a liver disorder, hypertension, and severe arthritis and that because of her health problems she had been unable to work since April, 1975. Rogerson also stated that her health is now worse than when she previously applied for benefits. The Secretary denied the application initially.

Rogerson sought review of this third denial. In her Request for Reconsideration, she also requested that her "prior application" be reopened because the Secretary's decision was "based on an improper legal standard and contrary to the evidence submitted." The Secretary denied the Request for Reconsideration.[2] In the notice of denial, the Secretary refused to open the earlier claim on the ground that the facts remained unchanged and the previous decision was correct. The Secretary had determined when Rogerson's earlier claim was denied that she was not disabled at any time on or before December 31, 1978, the date she was last insured for disability benefits.

Rogerson requested a hearing on the third denial. The ALJ dismissed the Request for a Hearing. In his opinion, the ALJ made clear that the third application was barred by *res judicata* and the claimant did not meet the conditions required for reopening either the ALJ decision issued October 21, 1976 (on the 1975 application) or the administrative determination of November 8, 1980.[3] The ALJ then found that

---

1. Although the ALJ's decision lists the date last insured as September 30, 1978, other papers indicate that the date for which Rogerson is last insured is December 31, 1978.

2. The Secretary stated, "Your recent request . . . concerns the same issues decided when your earlier claim was denied. It was determined that you were not disabled—within the meaning of the law—at any time on or before 12/31/78, the date you last had enough credits under Social Security to be insured for disability bene-

fits. After a thorough evaluation of your case, it has been determined that the previous decision was correct since the facts are unchanged." Administrative Record, Tr. at 223.

3. The ALJ found:
"... neither the Administrative Law Judge decision issued on October 21, 1976 nor the Social Security Administration determination of November 8, 1980 can be reopened and revised and ... both the decision and the determination are now final and binding on

the request for a hearing on the third application should be dismissed pursuant to 20 C.F.R. 404.957(c)(1) on the ground of administrative *res judicata;* the denials of the 1975 and 1980 applications were both given *res judicata* effect.[4]

Rogerson requested review of the dismissal and submitted additional documentation of her current claims. The Appeals Council, affirming the ALJ's dismissal of Rogerson's hearing request, wrote: "... the additional evidence sheds no further light on your condition prior to December 31, 1978, the date you last meet the disability insured status requirements of the Social Security Act." Administrative Record, Tr. at 2. This dismissal of the hearing request was the final action of the Secretary.

On August 27, 1986, Rogerson filed a complaint seeking review of the Secretary's denial of the request for reconsideration and an order compelling the Secretary to reinstate her hearing request. The Secretary moved to dismiss the complaint for (1) failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6); and (2) lack of subject matter jurisdiction to review the Secretary's denial of Rogerson's request for a hearing. Fed.R.Civ.P. 12(b)(1).

The district court held that it had jurisdiction to review the Secretary's denial of a hearing because Rogerson's claim the Secretary violated her due process rights by improperly applying *res judicata* presented a "colorable constitutional challenge to the Secretary's decision." *Rogerson v. Secretary of Health and Human Services,* No. 86–3354, Slip Op. (D.N.J. June 17, 1987, Brotman, J.). The court found that the Secretary wrongly applied the doctrine of

administrative *res judicata* because the 1980 administrative determination should not have been considered a prior determination for *res judicata* purposes. But the court then found that the only issue raised in 1985 not previously addressed in 1976 was Rogerson's claim of arthritis with an onset date of April, 1975 and that no evidence of arthritis prior to December, 1978 had been submitted. The trial court concluded that plaintiff had not been entitled to benefits on the 1985 application and the ALJ had correctly refused to reopen Rogerson's prior claims.

Rogerson contends that the lower court's finding that the 1980 application did not have *res judicata* effect created an unadjudicated period so that Rogerson's claims required remand for that adjudication. Rogerson argues that the 1980 application should be regarded as never having been filed. This would create an "unadjudicated period" between October 21, 1976 (when there was a final decision on Rogerson's first application that she was not disabled) and December 31, 1978 (the date for which Rogerson is last insured). Rogerson asserts that the lower court incorrectly gave the first (1975) application *res judicata* effect because the third (1985) application raises facts and issues never raised in the 1975 application.

█ The Secretary has not cross-appealed but defends the district court's dismissal on the ground that the first (1975) and second (1980) application did have *res judicata* effect. The Secretary also argues that the 1975, 1980, and 1985 applications are the same and the Social Security Ad-

---

the claimant. In this regard, no new and material evidence concerning the claimant's impairments as they existed on or before December 31, 1978 has been submitted in connection with the claimant's current application of October 15, 1985. Further, the Administrative Law Judge concludes that there was no error on the face of the evidence on which the decision of October 21, 1976 and the determination of November 8, 1980 were based." Administrative Record, Tr. at 196.

**4.** Section 404.957 of 20 C.F.R. provides:

§ 404.957 Dismissal of a request for a hearing before an administrative law judge.
An administrative law judge may dismiss a request for a hearing under any of the following conditions:

. . . . .

(1) The doctrine of *res judicata* applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action.

ministration should not be forced to adjudicate and then readjudicate claims.

Title 42 U.S.C. § 405(g) provides in part: Any individual, after any final decision of the Secretary made after a hearing to which he was a party ... may obtain a review of such decision by a civil action. ...

A district court does not have statutory jurisdiction under § 405(g) to review the Secretary's refusal to reopen a claim for benefits when made by the Secretary without a hearing. If there has been no hearing, there is jurisdiction to challenge the Secretary's decision only when a colorable constitutional issue is presented. *Califano v. Sanders*, 430 U.S. 99, 109, 97 S.Ct. 980, 986, 51 L.Ed.2d 192 (1977).

In *Penner v. Schweiker*, 701 F.2d 256 (3d Cir.1983), failure to provide the claimant with adequate notice of an adverse decision constituted a denial of due process of law sufficient to give the district court jurisdiction to remand to the Secretary for reconsideration. In *Parker v. Califano*, 644 F.2d 1199 (6th Cir.1981), the claimant did not have the mental ability to understand and comply with the notice of further administrative procedures following the denial of her application; the lack of meaningful notice was a denial of due process that gave the district court jurisdiction to remand to the Secretary. *See also Shrader v. Harris*, 631 F.2d 297 (4th Cir.1980).

 Here, the district court found that it had jurisdiction to review Rogerson's third (1985) application because her allegations of improper application of *res judicata* raised a due process claim. The court agreed with the plaintiff that the denial of her second (1980) application for benefits should not have had *res judicata* effect because it did not meet the statutory requirements for a determination. Title 42 U.S.C. § 405(b)(1) provides:

Any such decision by the Secretary which involves a determination of disability and which is in whole or in part unfavorable to such individual shall contain a statement of the case, in understandable language, setting forth a discussion of the evidence, and stating the Secretary's determination and the reason or reasons upon which it is based.

The Secretary's 1980 statement of denial expressly referred to: the Disability Interview of September 30, 1980; a report of Dr. Berger dated March 12, 1976; and a Wilmington Medical Center report dated February 17, 1979. Dr. Berger's report concerned the period judicially settled, and the 1979 hospital report did not establish a disabling condition prior to the expiration of insured status in 1978. The Secretary stated:

This is a 56 year old female alleging a disability, medical evidence shows the claimant has been treated in the past, there is, however, no evidence to substantiate a severe disabling condition during her insured status with quarter of coverage last met 12/31/78 disability is therefore denied.

Administrative Record, Tr. at 215.

In *Domozik v. Cohen*, 413 F.2d 5 (3d Cir. 1969), this court gave *res judicata* effect to a determination that stated:

After studying all the facts in your case and the medical evidence, and considering your statements, age, education, and experience, we find that your condition was not disabling within the meaning of the law on December 9, 1955, (the date you state you became unable to work), or any later date through December 31, 1959. This is the last day on which you still met the earnings requirement.

*Id.* at 6.

The determination under consideration here is at least as informative as that upheld in *Domozik*.

However, even if the Secretary's denial did not adequately discuss the evidence or give reasons, unlike the claimants in *Penner* and *Parker*, Rogerson received sufficient notice of the denial to pursue the remedies available to her. Rogerson had personal familiarity and experience with the options available for reconsideration, and administrative and judicial review. In these circumstances, the degree of detail in the denial notice was adequate to protect

her due process rights. If the 1980 determination was procedurally insufficient or substantively wrong, Rogerson's remedy was to appeal it; Rogerson offered no evidence of an inability to do so. When Rogerson did not timely pursue her administrative remedies, the second (1980) determination became final unless reopened. There was no impediment to its consideration in regard to the third (1985) application and no constitutional denial of due process in doing so.

■ The fact that Rogerson did not pursue her administrative remedies by contesting the denial of her second (1980) application does not render that denial meaningless upon consideration of her third (1985) application or make the application of res judicata to her third (1985) application a denial of due process.[5] Application of administrative res judicata in the absence of a hearing on the prior claim was expressly upheld in *Domozik. Cf. Dealy v. Heckler*, 616 F.Supp. 880 (D.C.Mo.1984); *Delameter v. Schweiker*, 721 F.2d 50 (2d Cir.1983). There has been no denial of constitutional rights.

■ Rogerson's claims in her third (1985) application are essentially identical to those made in her prior claims so that the application of res judicata without a hearing does not violate her right to due process of law. In *Stauffer v. Califano*, 693 F.2d 306 (3d Cir.1982), claimant argued that dismissal of his claims on the grounds of res judicata without a hearing was a denial of due process sufficient to confer jurisdiction to review the agency action. This court found that there was no denial of due process and res judicata had been properly applied:

Our review of the magistrate's report shows that examination of Stauffer's due process claim was a necessary component of her ultimate conclusion that the application of res judicata was not an abuse of discretion. Stauffer received a full and fair hearing on his initial claim and, because his second claim effectively restated the first, it was not a due process violation to deny a second hearing. *Stauffer*, 693 F.2d at 308.

Rogerson contends that because the district court did not review the entire record, that court could not properly determine whether the current claim is the same as the prior claims. Whether or not *Califano v. Sanders* permits review of the entire record to determine if res judicata was properly applied, *but see, Stauffer*, 693 F.2d at 308, *McGowen v. Harris*, 666 F.2d 60, 65 (4th Cir.1981), we have done so and agree with the district court that Rogerson's 1985 claim is essentially the same as her second (1980) application that was administratively denied for lack of evidence substantiating a severe disabling condition during the period of her insured status.

The only difference between the current application and those previously filed is the allegation that the arthritis Rogerson reported in 1980[6] has been severe since April, 1975. While the medical documentation Rogerson now seeks to offer shows that she has suffered from arthritis as early as 1981, her period of coverage terminated no later than December 31, 1978; medical reports of record pertaining to the relevant time period make no mention of arthritis. Because Rogerson's claims in her third (1985) application are essentially identical to those made in her prior claims, the application of res judicata without a

---

5. Although not specifically argued in the brief, we note that Rogerson is not helped by *Purter v. Heckler*, 771 F.2d 682 (3d Cir.1985), holding that res judicata does not preclude judicial review of an agency decision where there has been a *de facto* reopening of a case. A constructive reopening occurs when the "Secretary has reviewed the entire claim and has rendered a final decision on the merits after a hearing." *Id.* at 693. Neither the ALJ's decision of March 11, 1986, dismissing Rogerson's hearing request, nor the August 7, 1986 letter from the Appeals Council denying Rogerson's request for review of this dismissal evidences a review of Rogerson's claims on the merits. Rather, the ALJ and Appeals Council considered the additional evidence submitted by Rogerson for the limited purpose of deciding whether a new claim was presented or whether prior applications should be reopened. Here, unlike *Purter*, the refusal to reopen was not a *de facto* reopening.

6. *See* Administrative Record, Tr. at 241.

hearing does not violate her right to due process of law.

For the foregoing reasons, we find that the district court did not have jurisdiction to review the Secretary's denial of disability benefits without hearing. The district court's dismissal of the complaint will be affirmed.