931 F.2d 56
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jane S. SAYEGH, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 90-1470.
 United States Court of Appeals, Sixth Circuit.
 April 22, 1991.
 
 Before ALAN E. NORRIS, Circuit Judge, WELLFORD,* Senior Circuit Judge, and FORESTER,** District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Jane S. Sayegh, appeals the district court's dismissal of her social security claim which she asserts should not be barred by the doctrine of administrative res judicata.
 
 
 2
 Plaintiff filed her present claim for disability insurance benefits on June 2, 1988. The application was denied initially and upon reconsideration. Plaintiff requested a hearing before an A.L.J., but the request was denied based upon the doctrine of administrative res judicata. Plaintiff commenced a timely action for judicial review in the district court. The district court adopted the magistrate's report and recommendation to grant the Secretary's motion to dismiss for lack of subject matter jurisdiction on the ground of res judicata.
 
 BACKGROUND
 
 3
 Plaintiff filed a prior application for disability insurance benefits on December 2, 1986 which was denied. Plaintiff was advised that a request for reconsideration must be filed within sixty days of receiving the denial notice; however, plaintiff took no further action.
 
 
 4
 In denying the hearing sought by plaintiff in her present claim, the A.L.J. noted that it was the same as the claim filed in 1986, and that she had not presented any new and material evidence that would warrant reconsideration of the prior claim.
 
 DISCUSSION
 
 5
 20 C.F.R. Sec. 404.957 (1989) allows an A.L.J. to dismiss a request for hearing if
 
 
 6
 (c) The administrative law judge decides that there is cause to dismiss a hearing request entirely or to refuse to consider any one or more of the issues because--
 
 
 7
 (1) The doctrine of res judicata applies in that we have made a previous determination or decision under this subpart about your rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administrative or judicial action....
 
 
 8
 The law in this circuit, regarding the application of res judicata by the Secretary in cases arising under the Social Security Act, has been succinctly set forth in Maddox v. Richardson, 464 F.2d 617 (6th Cir.1972), and Carver v. Secretary of Health & Human Servs., 869 F.2d 289 (6th Cir.1989). In Maddox, we held that "the doctrine of res judicata may validly be applied by the Secretary, pursuant to 20 C.F.R. Sec. 404.937, when a prior administrative denial of an application raising the same issues has become final because of the applicant's failure to make a timely request for a hearing." Maddox, 464 F.2d at 619. We reaffirmed the holding of Maddox in Carver where we determined "that the Secretary's initial determinations of claimant's eligibility for benefits are to be given preclusive effect in the consideration of subsequent applications for benefits with the identical facts and issues." Carver, 869 F.2d at 291.
 
 
 9
 Plaintiff also argues that her case was constructively reopened when the Appeals Council stated that her evidence was not "new" but offered the same evidence that was previously submitted.
 
 
 10
 We disagree. If the A.L.J. and Appeals Council considered additional evidence submitted by the claimant for the limited purpose of deciding whether a new claim was presented or whether prior application should be reopened, the refusal to reopen is not a de facto reopening. Rogerson v. Secretary of Health & Human Servs., 872 F.2d 24, 29 n. 5 (3d Cir.1989).
 
 
 11
 Finally, plaintiff attempts to raise a constitutional issue and thereby provide the court with a reason to make an exception to the general rule of preclusion. "Courts have consistently upheld the imposition of the doctrine of administrative res judicata in social security cases except under circumstances that implicate a colorable constitutional issue." Carver, 869 F.2d at 292 (citing Califano v. Sanders, 430 U.S. 99 (1977)).
 
 
 12
 However, we are in no position to address the constitutional issue, since it is raised for the first time on appeal. White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 13
 The judgment of the district court is therefore affirmed.
 
 
 
 *
 The Honorable Harry W. Wellford became Senior Circuit Judge on January 21, 1991
 
 
 **
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation