

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-13-2002

# Lynch v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1387

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Lynch v. Comm Social Security" (2002). *2002 Decisions.* Paper 494.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/494

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 02-1387
_____

BONITA A. LYNCH,
                    Appellant

v.

*JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION

*(Pursuant to F.R.A.P. 43(c))
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 01-cv-00041)
District Judge: Honorable Robert J. Cindrich

Submitted Under Third Circuit LAR 34.1(a)
on July 30, 2002

Before:  BECKER, Chief Judge, ROTH and RENDELL, Circuit Judges,

(Filed August 13, 2002)
_____

OPINION OF THE COURT
_____

RENDELL, Circuit Judge.

Bonita Lynch appeals the District Court's order upholding her onset date of disability benefits under the Social Security Act as determined by the Commissioner of Social Security.  Lynch argues that: (1) the Administrative Law Judge's ("ALJ") determination of the onset date was not supported by "substantial evidence;" and (2) the ALJ erred in denying her request to open a previous application.

The District Court had jurisdiction over this matter pursuant to 42 U.S.C. 405(g).  We have jurisdiction on appeal pursuant to 28 U.S.C.  1291.

In reviewing the ALJ's determination of the onset date we must determine if the decision is supported by "substantial evidence."  42 U.S.C.  405(g).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (internal citation omitted).  If the ALJ's findings "are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently."  Fargnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001).

Lynch, a well-educated and intelligent woman, claims an onset of disability prior to the March 28, 1996 date set by the ALJ.  Following a rape in 1986, Lynch began seeking medical evaluations and treatment for a depressive condition from various hospitals and medical centers.  She continued to work in various jobs and attended school intermittently.  She applied for benefits in June 1995 and saw Dr. Ismael, who was referred to her by the Commissioner.  Dr. Ismael gave a "guarded" prognosis and opined that Lynch generally functioned well.  Dr. Gloin, who evaluated her record on behalf of the agency, noted "her narcissism is likely to disturb her relationships [with]

other[s] but she can carry out a large variety of tasks as long as she is not stressed." After being denied benefits in September 1995, she checked herself into a hospital on March 28, 1996. Dr. Ismail diagnosed her with Post-Traumatic Stress Disorder and depression. She filed a second application for benefits on June 6, 1996, which was granted with an onset date of March 28, 1996.

The ALJ's determination of the onset date is supported by substantial evidence. He discussed his rationale for selecting the onset date at length, addressing why the date alleged by Lynch was not appropriate. In making his determination, the ALJ looked at multiple factors such as Lynch's claims, work history, and medical evaluations in accordance with Social Security Ruling ("SSR") 83-20. According to SSR 83-20, claimant's alleged onset date should be used if it is consistent with all the evidence available, which it was not in this case. Notwithstanding Lynch's contention, we are satisfied that the Commissioner adequately analyzed Lynch's testimony and the relevant medical evidence. The ALJ looked to multiple medical opinions and Lynch's admission that medication gave her symptomatic relief. See supra note 2. Substantial evidence supports the conclusion that this highly educated and intelligent woman, who did so well in law school and worked as a paralegal from time to time, was able to perform low-stress non-intensive social interaction jobs despite her medical condition prior to March 28, 1996, as the vocational expert testified. Therefore, we will affirm the District Court finding that the ALJ's determination of the onset date was supported by substantial evidence.

We lack jurisdiction to entertain Lynch's second claim  that the ALJ erred in denying her request to open a previous application. It is well established that the federal courts lack jurisdiction to review the Commissioner's discretionary decision to decline to reopen previous applications. Tobak v. Apfel, 195 F.3d 183, 188 (3d Cir. 1999). While Lynch argues that the Commissioner constructively re-opened the previous application, constructive reopening only takes place when the Commissioner has reviewed the entire claim and made a final decision on the merits. Rogerson v. Sec'y of Health & Human Servs., 872 F.2d 24, 29 n.5 (3d Cir. 1989). Here, the ALJ did not do so, but merely looked at the previous application to see if a reopening was merited. The ALJ is given leeway to make the threshold decision regarding whether there are grounds for re-opening without actually re-opening the application. Hall v. Chater, 52 F.3d 518, 521 (4th Cir. 1995). Therefore, we have no jurisdiction to review this discretionary decision of the Commissioner.

Accordingly, we will AFFIRM the District Court's order. _____

TO THE CLERK OF COURT:

Please file the foregoing opinion.


_____
Circuit Judge


Dated