

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-18-2005

# Pallotta v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3749

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Pallotta v. Comm Social Security" (2005). *2005 Decisions.* Paper 682.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/682

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3749
_____

THOMAS PALLOTTA,
Appellant

v.

*JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

*(Amended per clerk order of 10/04/04)
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-2044)
District Judge: Honorable Joel A. Pisano
_____

Submitted Under Third Circuit LAR 34.1(a)
May 2, 2005

Before: ROTH, MCKEE AND ALDISERT, <u>CIRCUIT JUDGES</u>

(Filed  August 18, 2005)

_____
OPINION
_____

PER CURIAM

Pro <u>se</u> appellant Thomas Pallotta appeals an order of the United States District

Court of New Jersey granting defendant's motions to dismiss. We will affirm.

In 1983, Pallotta filed an application for disability insurance benefits ("DIB"). Appellant's App., 71. The claim was denied and Pallotta did not pursue an appeal. Id. The claim was reopened in 1993 based on the existence of new evidence. Id. However, the Commissioner of Social Security ("the Commissioner") denied the claim initially (on February 8, 1993) and on reconsideration (on July 30, 1993). Id. at 44-48. In May 1996, Pallotta filed another request for DIB. Id. at 57-60. The Commissioner found that the application concerned issues that had been previously decided, and consequently denied the claim initially and on reconsideration. Id. at 61-66. In August 1999, an Administrative Law Judge ("ALJ") dismissed Pallotta's request for a hearing, finding that his application could not be reopened and that it was barred by res judicata because it "involve[d] the right of the same claimant on the same facts and on the same issues which were decided in the final and binding determination dated July 30, 1993." Id. at 71-72. Thereafter, on three separate occasions, the Appeals Council remanded Pallotta's claim for a limited hearing on the issues of reopening and res judicata. Id. at 73-75, 87-89, 98-99. Each time, however, Pallotta failed to appear and the ALJ dismissed Pallotta's request for a hearing. Id. at 82-86, 93-94, 116-17.

Following the Appeals Council's third remand, Pallotta filed the present action in the United States District Court for the District of New Jersey. The Commissioner moved to dismiss Pallotta's complaint for lack of subject matter jurisdiction pursuant to 42

2

U.S.C. § 405(g), arguing that the Commissioner had yet to render a "final decision" as required by statute. The District Court granted the defendant's motion to dismiss, finding that Pallotta failed to exhaust administrative remedies prior to filing his complaint.[1]

The District Court has jurisdiction pursuant to 42 U.S.C. § 405(g) to review a final decision of the Commissioner denying an application for disability insurance benefits. We have jurisdiction to consider the issues raised by Pallotta's timely filed appeal under 28 U.S.C. § 1291, and we review de novo the District Court's determination that it lacked subject matter jurisdiction. In re Phar-mor, Inc. Sec. Litig., 172 F.3d 270, 273 (3d Cir. 1999).

The Supreme Court has stated that Section 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision' of the Secretary made after a hearing." Califano v. Sanders, 430 U.S. 99, 108 (1977). A "final decision" is not defined by the Social Security Act, but rather has been left to be defined by Social Security Administration ("SSA") regulations. The regulations set forth the procedures which must be followed to exhaust administrative remedies. See 20 C.F.R. § 404.900(a)(1)-(4).

Pallotta properly initiated the process for seeking DIB under Title II of the Social Security Act. He filed an initial application with the SSA in May 1996. See 20 C.F.R.

---

[1] After the District Court entered its order, the ALJ dismissed Pallotta's request for a hearing because he did not establish good cause for his failure to appear. See Appellant's App., 116-17. Thereafter, the Appeals Council declined review. See Decl. of Robin M. Marquis, 2 (attached as Exhibit B to Appellee's Br.).

§ 404.902. Once it was denied, he petitioned for reconsideration. See 20 CFR § 404.907 As the petition was unsuccessful, he sought an evidentiary hearing before an ALJ. See 20 C.F.R. § 404.929. Upon receipt of adverse determinations by the ALJ, he sought review by the Appeals Council. See 20 CFR § 404.966. See also Tobak v. Apfel, 195 F.3d 183, 185 (3d Cir. 1999). In March 2004, the Appeals Council found good cause for Pallotta's failure to appear at a prior scheduled hearing and remanded his claim back to the ALJ for the scheduling of a new hearing. The claim was therefore pending before the ALJ when Pallotta filed his complaint in the District Court in April 2004. Accordingly, because there was not a judicially reviewable final decision, the District Court properly dismissed Pallotta's complaint for lack of subject matter jurisdiction. See Sims v. Apfel, 530 U.S. 103, 107 (2000).

Pallotta argues that the three Appeals Council's remands "effectively reopen[ed] his] claims," resulting in "final decisions" over which the District Court had subject matter jurisdiction. Appellant's Informal Br., *passim*. We disagree. Although judicial review is not precluded where there has been a de facto or constructive reopening of the case, see Purter v. Heckler, 771 F.2d 682 (3d Cir. 1985), such a reopening takes place only when the Commissioner has reviewed the entire claim and made a final decision on the merits. See Rogerson v. Sec'y of Health & Human Servs., 872 F.2d 24, 29 n.5 (3d Cir. 1989). Here, none of the Appeals Council's remands evidence a review of Pallotta's claims on the merits. Rather, Pallotta's claim was sent back for a limited hearing because

4

the ALJ's August 1999 "dismissal did not provide appropriate rationale with specific references to evidence of record to support the reopening and [res judicata] dismissal determinations." See Appellant's App., 88; see also id. at 74, 99. Accordingly, the three Appeals Council remands were not de facto reopenings.

In addition, Pallotta alleged that the lengthy delay involved in this case and the Commissioner's refusal to move the hearings from Newark, New Jersey to Hackensack, New Jersey constituted due process violations, and that the District Court should therefore have exercised jurisdiction over the matter to remedy these violations. See Appellant's Informal Br., 46-53. Exhaustion of administrative remedies may not be required where the appellant's claims are collateral to any claim for benefits and where the harm imposed by exhaustion would be irreparable. See Bowen v. City of New York, 476 U.S. 467, 483 (1986). Arguably, Pallotta's claims of due process violations are collateral to his claim for benefits, so the exhaustion requirement may be waived. See Matthews v. Eldridge, 424 U.S. 319, 330-31 (1976) (holding that procedural challenge to the Secretary's denial of a pretermination hearing was wholly collateral to claim for benefits). Importantly, however, Pallotta has failed to make a colorable showing that his alleged injuries could not be remedied by the retroactive payment of benefits after the exhaustion of administrative remedies. See id. at 331. Indeed, Pallotta has not asserted that he will suffer any type of irreparable injury, such as severe economic harm, see Johnson v. Shalala, 2 F.3d 918, 922 (9th Cir. 1993), serious medical deterioration, see

Mental Health Ass'n of Minnesota v. Heckler, 720 F.2d 965, 970 (8th Cir. 1983), or

psychological stress, see Duggan v. Bowen, 691 F.Supp.1487, 1508 (D.D.C. 1988).

Tellingly, Pallotta has pursued his claim administratively for several years without

alleging any such injury. The District Court therefore correctly dismissed Pallotta's

complaint for failure to comply with the administrative exhaustion requirements of 42

U.S.C. § 405(g).

After the District Court dismissed Pallotta's complaint, the ALJ dismissed

Pallotta's request for a hearing because he did not attend a hearing scheduled for July 22,

2004, and did not establish a "good reason" for his failure to appear.[2] See Appellant's

App., 116-17. Thereafter, the Appeals Council denied Pallotta's request for review. See

Decl. of Robin M. Marquis, 2 (attached as Exhibit B to Appellee's Br.). There is no need,

however, to consider remanding the case to the District Court for further consideration.

A claimant, like Pallotta, who is properly notified of a scheduled hearing but fails to

appear without good cause has failed to exhaust administrative remedies and is not

entitled to judicial review. See Hoye v. Sullivan, 985 F.2d 990, 991 (9th Cir. 1992) (per

curiam) ("By refusing to attend the hearing, [claimant] waived his opportunity for a

hearing and he failed to exhaust the administrative remedy upon which judicial review

depends."). To the extent that the Appeals Council decision effectively declined to

---

[2] In particular, the ALJ noted that the only justification Pallotta provided for his failure to appear was that it is "impossible to travel to Newark in hot, humid, muggy summer weather."

reopen a prior application or denied a subsequent application on res judicata grounds,[3] the District Court similarly lacks jurisdiction. See Tobak v. Apfel, 195 F.3d 183, 187 (3d Cir. 1999). Pallotta has not raised any colorable constitutional claims that would justify waiving his failure to exhaust. See Rankin v. Heckler, 761 F.2d 936, 940 (3d Cir. 1985) ("we have found a waiver of the exhaustion of administrative remedies requirement where the claimant raises constitutional issues") (footnote omitted).

For the foregoing reasons, we will affirm the District Court's order dismissing the complaint for lack of subject matter jurisdiction.

---

[3] The issue that was to be addressed at hearing which Pallotta did not attend was whether an ALJ's prior denial of reopening and dismissal on res judicata grounds was sufficiently explained.