

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-29-1999

# Tobak v Apfel

Precedential or Non-Precedential:

Docket 99-3066

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"Tobak v Apfel" (1999). *1999 Decisions.* Paper 294.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/294

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed October 29, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 99-3066

MICHAEL J. TOBAK, JR.,
      Appellant

v.

KENNETH APFEL, COMMISSIONER
SOCIAL SECURITY ADMINISTRATION

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 98-cv-00996)
District Judge: Hon. Donald E. Ziegler

Submitted Under Third Circuit LAR 34.1(a)
October 18, 1999

Before: SLOVITER, MANSMANN, and ROTH,
Circuit Judges

(Filed: October 29, 1999)

        Steven H. Seel
        Tucker Arensberg, P.C.
        Pittsburgh, PA 15222

         Attorney for Appellant

        Sharon M. Fugett
        Social Security Administration
        Baltimore, MD 21235

         Attorney for Appellee

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Michael J. Tobak Jr. appeals from an order of the District
Court dismissing his complaint against Kenneth S. Apfel,
the Commissioner of Social Security ("the Commissioner"),
for lack of subject matter jurisdiction. We have appellate
jurisdiction over the District Court's final order pursuant to
28 U.S.C. S 1291. Upon plenary review, we will affirm.

I.

As the District Court correctly explained, a claimant
seeking disability benefits under Title II of the Social
Security Act, 42 U.S.C. SS 401-433, begins the
administrative process by filing a claim with the Social
Security Administration. See 20 C.F.R. S 404.900; see
generally Califano v. Sanders, 430 U.S. 99, 101 (1977)
(articulating general procedures). If the claim is denied, the
claimant may petition for reconsideration within six months
of the adverse determination. See 20 C.F.R.SS 404.907-
404.908. If that petition is unsuccessful, the claimant may
ask for an evidentiary hearing before an Administrative Law
Judge ("ALJ"), 42 U.S.C. S 405(b), and may seek
discretionary review of an adverse decision of the ALJ from
the Appeals Council, 20 C.F.R. SS 404.967-404.968.
Further, S 205 of the Act authorizes federal judicial review
of "any final decision of the Commissioner of Social Security
made after a hearing to which [the claimant] was a party
. . . ." 42 U.S.C. S 405(g) (1999).1

Res judicata principles apply to administrative as well as
judicial adjudications. United States v. Utah Constr. &

_____

1. The role of the Secretary of Health and Human Services in social
security cases was transferred to the Commissioner of Social Security
pursuant to the Social Security Independence and Program
Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464,
effective March 31, 1995. All references to the Secretary are equally
applicable to the Commissioner.

Mining Co., 384 U.S. 394, 421-22 (1966). However, res judicata may only be properly applied to preclude a subsequent claim for disability benefits where the "same" claimant has filed a previous application based on the "same" issues and where such prior determination has become final by virtue of administrative or judicial action. 20 C.F.R. S 404.957(c)(1); Purter v. Heckler, 771 F.2d 682, 691 (3d Cir. 1985). Further, even if res judicata may properly be applied, the Commissioner has discretion whether to reopen a prior disability benefits application for "good cause" within four years of the date of notice of the initial determination. 20 C.F.R. SS 404.988(b), 404.989. We have held that a reopening will be found when there is an administrative review of the entire record and a decision is reached on the merits of the claim. See Coup v. Heckler, 834 F.2d 313, 317 (3d Cir. 1987).

II.

Tobak first applied for social security benefits on November 30, 1992. He alleged disability due to back injury and hypertension beginning April 4, 1986. His application was denied on March 3, 1993, and Tobak did not appeal. On October 23, 1995, Tobak filed a second application for disability benefits, again alleging disability due to back injury and hypertension beginning April 4, 1986. That application too was denied, both initially and on reconsideration. Tobak then filed a request for a hearing before the ALJ, which was granted. After considering the evidence presented at the hearing, on May 14, 1997, the ALJ issued an order in which he found that Tobak was not disabled within the meaning of the Act. Tobak filed for review by the Appeals Council. On January 21, 1998, the Appeals Council notified Tobak of its grant of his request for review and of its intent to dismiss the request for a hearing before the ALJ based on the doctrine of res judicata. The Appeals Council provided Tobak with 30 days to respond to the notice. Tobak did not respond, and on April 9, 1998, the Appeals Council vacated the ALJ's decision and dismissed the request for a hearing. In its order, the Appeals Council explained that the doctrine of res judicata applied to the second application and that the

3

ALJ should have dismissed Tobak's request for a hearing on that ground.

On June 8, 1998, Tobak filed this civil action against the Commissioner in the District Court for the Western District of Pennsylvania, seeking review of the Appeals Council's decision to dismiss his second claim based on the doctrine of res judicata. The Commissioner moved to dismiss the complaint for lack of jurisdiction. By order dated December 29, 1998, the District Court granted the motion, holding that it lacked jurisdiction pursuant to 42 U.S.C.S 405(g) to review the Appeals Council's discretionary dismissal of Tobak's application. See Tobak v. Apfel, No. 98-996 (W.D. Pa. Dec. 29, 1998).

III.

Federal court jurisdiction is expressly limited byS 205 of the Social Security Act. See 42 U.S.C. S 405(g), (h). Section 205(h) precludes judicial review of the "findings of fact or decision of the Commissioner of Social Security . . . except as herein provided." 42 U.S.C. S 405(h). Section 205(g) provides for federal jurisdiction over "any final decision of the Commissioner of Social Security made after a hearing to which [the claimant] was a party, irrespective of the amount in controversy." 42 U.S.C. S 405(g).

It is well settled that federal courts lack jurisdiction under S 205 to review the Commissioner's discretionary decision to decline to reopen a prior application or to deny a subsequent application on res judicata grounds. See Sanders, 430 U.S. at 107-09; Stauffer v. Califano, 693 F.2d 306, 307 (3d Cir. 1982). As the Supreme Court explained in Sanders, because an administrative decision declining to reopen a prior claim or denying a subsequent claim on res judicata grounds does not require a hearing, it is not a "final decision . . . made after a hearing" as required for jurisdiction under S 205(g) of the Act. See Sanders, 430 U.S. at 107-08. The Court has also held that federal courts do have jurisdiction to entertain constitutional questions, which are "unsuited to resolution in the administrative hearing procedures." Id. at 109. Although Tobak's complaint alleged violation of due process, he apparently

4

did not argue that claim before the District Court and does not argue it on appeal.

Instead, Tobak relies on the undisputed proposition that federal courts also have jurisdiction to determine whether res judicata has been properly applied to bar the pending claim or whether, even though res judicata might properly have been applied, the prior claim has nevertheless been reopened. See McGowen v. Harris, 666 F.2d 60, 66 (4th Cir. 1981). Tobak's principal argument is that the ALJ constructively reopened Tobak's prior application, and that the Appeals Council could not thereafter dismiss his claim on res judicata grounds. In other words, Tobak argues the Appeals Council improperly applied res judicata to Tobak's second application. We disagree. Even if the ALJ had reopened Tobak's prior claim,[2] the Appeals Council had the authority to reverse the ALJ's decision. See 20 C.F.R. S 404.979 (empowering the Appeals Council to "adopt, modify or reject" the decision of the ALJ). The Appeals Council's unambiguous rejection of the ALJ's decision and the Council's dismissal of Tobak's second claim on res judicata grounds nullified the action of the ALJ. As the District Court correctly stated, "The ALJ's decision has been vacated, and, therefore, even if it had constituted a reopening of the application, it is no longer a decision which can be evaluated." Tobak v. Apfel, No. 98-996, at 8 (W.D. Pa. Dec. 29, 1998).

This holding is in line with the decisions of the Courts of Appeals for the Fifth, Sixth, and Seventh Circuits, which have found in similar cases that the Appeals Council can dismiss a subsequent application on res judicata grounds even if an earlier decision of the ALJ expressly or constructively reopened the prior application. See Ellis v. Schweiker, 662 F.2d 419, 419-20 (5th Cir. 1981); Harper v. Secretary of Health and Human Services, 978 F.2d 260, 261-62 (6th Cir. 1992); Johnson v. Sullivan, 936 F.2d 974, 975-76 (7th Cir. 1991). Moreover, contrary to Tobak's assertions, our decision in Purter v. Heckler, 771 F.2d 682 (3d Cir. 1985), is consistent with this result. It is true that

_____

2. Given our resolution of this case, we do not decide whether the ALJ constructively reopened the prior claim.

5

in Purter this court reversed the district court's application of res judicata to a disability claimant whose initial claim had been denied by the ALJ. We held that the ALJ had effectively reopened the case when it held a full hearing. However, as the District Court noted in its comprehensive opinion, in Purter neither the ALJ nor the Appeals Council had discussed res judicata. Thus, the district court there had applied res judicata where the Secretary had not. In contrast, here the Appeals Council specifically found that Tobak's claim was barred by res judicata. We agree, therefore, that Purter is of limited application to the case before us.

Tobak also argues that the District Court should have determined "whether the necessary elements of res judicata were present [and] whether the application of res judicata would be fair under the circumstances and in line with the beneficent purposes of the Social Security Act." Appellant Br. at 19. Tobak is correct that, as we noted above, the District Court had jurisdiction to determine whether res judicata was applicable in this case. He is mistaken, however, in his assertion that the District Court had jurisdiction to apply equitable administrative res judicata considerations. Those considerations are committed to the Commissioner's discretion in deciding whether to reopen a claim for "good cause," see 20 C.F.R.SS 404.988(b), 404.989, and therefore are not reviewable by the federal courts, see Sanders, 430 U.S. at 107–08.

We agree with the District Court's decision that res judicata applies in Tobak's case. Tobak's second application undisputedly involved the same injuries, the same dates, and the same issues as his first application. His prior application became final when he failed to pursue his administrative appeals from the denial of his application. Although Tobak did not have a hearing, that was because he waived his opportunity to request a hearing at that stage. Therefore, the absence of a hearing on his prior application does not affect the finality of that proceeding, nor does it affect our determination that res judicata was properly applied in this case. See Domozik v. Cohen, 413 F.2d 5, 8 (3d Cir. 1969). The District Court properly held that it was without jurisdiction to review the

6

Commissioner's discretionary decision not to reopen
Tobak's prior claim. For these reasons, we will affirm.

A True Copy:
Teste:

Clerk of the United States Court of Appeals
for the Third Circuit

7