

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

1-26-2004

# Williams v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3070

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Williams v. Comm Social Security" (2004). *2004 Decisions.* Paper 1070.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1070

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 03-3070

———

EDWARD WILLIAMS,

Appellant

v.

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 02-cv-00952)
District Judge: Honorable Gustave Diamond

———

Submitted Under Third Circuit LAR 34.1(a)
January 16, 2004

Before: Sloviter, Rendell and Aldisert, Circuit Judges.

(Filed:   January 26, 2004)

———

OPINION OF THE COURT

———

ALDISERT, Circuit Judge.

    Edward Williams appeals from an adverse summary judgment in favor of the

Commissioner of Social Security. In his June 2000 application for social security income ("SSI") benefits, Williams alleged that he had been disabled since August 1990 because of hepatitis C, diabetes and diabetic neuropathy. Reduced to its essence, this appeal raises the question of whether substantial evidence supports the finding of the Administrative Law Judge ("ALJ") that Williams: (1) retained the ability to perform a significant range of light work and (2) was not disabled because he could perform a significant number of jobs in the national economy, and was therefore not entitled to SSI benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, *et seq.*

Because we are writing only for the parties who are familiar with the proceedings in the district court and the administrative record, we will limit our discussion to the basic legal precepts and the application thereto by the Commissioner.

I.

"The Social Security Act defines disability in terms of the effect a physical or mental impairment has on a person's ability to function in the work place." Heckler v. Campbell, 461 U.S. 459-460 (1983); 42 U.S.C. § 423(c) (2002). Under the Act and implementing regulations, the claimant bears the burden of establishing disability. Id.; 20 C.F.R. § 416.912 (2003).

To be eligible for benefits, a claimant must demonstrate not only that he has a medically determinable physical or mental impairment, but that such impairment is so severe that it prevents him from engaging in any substantial gainful activity that exists in the national economy. 42 U.S.C. § 423(d)(1)(A); see also Campbell, 461 U.S. at 460;

Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). The Commissioner must determine whether there are jobs that exist in significant numbers in the national economy which the claimant can perform consistent with his age, education, past work experience and residual functional capacity. 20 C.F.R. § 416.920(f) (2003). The term "residual functional capacity" ("RFC") is defined in the regulations as the most an individual can still do after considering the physical and/or mental limitations affecting his ability to perform work-related tasks. 20 C.F.R. § 416.945 (2003).

Federal court jurisdiction in social security cases is "expressly limited" by 42 U.S.C. § 405(g). Tobak v. Apfel, 195 F.3d 183, 186 (3d Cir. 1999); see also 72 U.S.C. §405(h) (stating that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided"). Under that statutory provision, this Court's review is limited to determining whether the Commissioner's final decision is supported by substantial evidence. 42 U.S.C. §§ 405(g); 1383(c)(3); Monsour Medical Ctr. v. Heckler, 806 F.2d 1185, 1190 (3d Cir. 1986).

The ALJ's decision is the final decision of the Commissioner when the Appeals Council denies a request for review. Sims v. Apfel, 530 U.S. 103, 107 (2000); Matthews v. Apfel, 239 F.3d 589, 592 (3d Cir. 2001). If the ALJ's decision is supported by substantial evidence, it must be affirmed. Richardson v. Perales, 402 U.S. 389, 390 (1971); Matthews, 239 F.3d at 592; see also 42 U.S.C. § 405(g).

Substantial evidence is less than a preponderance of evidence and more than a

mere scintilla; substantial evidence "does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotations and citation omitted). If the evidence can justify a refusal to direct a verdict where the case is before a jury, there is "substantial evidence." Olsen v. Schweiker, 703 F.2d 751, 753 (3d Cir. 1983) (citation omitted). "We will not set the Commissioner's decision aside if it is supported by substantial evidence, even if we would have decided the factual inquiry differently." Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999).

## II.

We will affirm the judgment of the district court essentially for the reasons set forth by the district court in its twelve-page memorandum judgment order entered June 16, 2003. We agree that substantial evidence supports the ALJ's RFC finding that Williams can perform a significant range of light work, and is therefore not disabled within the meaning of the Act.

We add these comments. At the administrative hearing the ALJ asked a vocational expert to assume a hypothetical individual with Williams' age, education and work experience. The hypothetical individual could perform light work with no more than occasional climbing, balancing, stooping, kneeling, or crawling; no fine visual acuity and no exposure to hazards, including heights and dangerous machinery. In response the experts testified that the hypothetical individual could perform more than

195,000 jobs in the national economy.

Light work generally requires lifting no more than twenty pounds at a time and ten pounds frequently. 20 C.F.R. § 416.967(b) (2003). In addition, light work involves "a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." Id. The district court stated that the opinions of Dr. Vogini and Dr. Ruiz indicated that Williams was capable of performing substantially all of the activities required for light work and could, therefore, perform a significant range of light work. The district court added that the ALJ's opinion was further supported by the opinions of Dr. Dulabon, Dr. Newberg and Dr. Le. In addition the court held that the ALJ had properly rejected the opinion of Dr. Amiri that Williams was disabled because it was inconsistent with the other medical evidence of record.

As to the argument that the ALJ erred in finding that Williams could perform a significant range of light work because he could not perform frequent lifting of up to ten pounds, the record notes that both Dr. Ruiz, who treated Williams for hepatitis C, and Dr. Vogini, a consultive examiner, agreed that Williams could perform all of the other work-related activities required for light work. Most significantly, both physicians agreed that Williams could occasionally lift up to ten pounds. The regulations provide that a claimant can perform a full or wide range of light work if he can perform "substantially all" of the activities required for light work. 20 C.F.R. § 416.967(b) (2003) (emphasis added). Although Williams could not perform a full range of light work because of his non-exertional postural limitations, the vocational expert testimony indicates that he

could perform the standing, walking, sitting and occasionally lifting of twenty pounds required of light work. Accordingly he could perform substantially all of the activities required.

Moreover, we agree with the district court in rejecting Williams' arguments that the hypothetical question was flawed and that the ALJ should have applied the medical-vocational guidelines, or "the grids," found in Appendix 2 of Subpart P of 20 C.F.R. § 404, to direct the finding of disability. The district court correctly held that the ALJ could not have relied on the grids because Williams had non-exertional limitations that do not permit him to perform the full range of light work, and therefore the ALJ properly resorted to vocational expert testimony. See Santise v. Schweiker, 676 F.2d 925, 934-935 (3d Cir. 1982) (recognizing that "the rules 'may not be fully applicable' where a claimant suffers from non-exertional, instead of or in addition to exertional, impairments") (quoting 20 C.F.R., part 404, Appendix 2, § 200.00 (e)); Singleton v. Schweiker, 551 F. Supp. 715, 723-724 (E.D. Pa. 1982) (observing that diabetes and hypertension are non-exertional impairments).

We have considered all of the contentions and have concluded that no further discussion is necessary. The judgment of the district court will be affirmed.

TO THE CLERK:

Please file the foregoing opinion.


 /s/ Ruggero J. Aldisert
Circuit Judge