**Opinions of the United States Court of Appeals for the Third Circuit**



10-20-2005

# Williams v. Comm Social Security

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4288

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Williams v. Comm Social Security" (2005). *2005 Decisions.* Paper 371.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/371

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4288
_____

AMIR VAN WILLIAMS,

Appellant

v.

SOCIAL SECURITY ADMIN., ET AL.

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 04-cv-02152 )
District Judge: Honorable Stewart Dalzell
_____

Submitted Under Third Circuit LAR 34.1(a)
October 14, 2005

Before: ALITO, SMITH AND COWEN, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed: October 20, 2005)

_____

OPINION
_____

PER CURIAM

Pro se appellant Amir Van Williams appeals an order of the United States District

Court for the Eastern District of Pennsylvania dismissing his complaint for lack of subject

matter jurisdiction. We will affirm.

Williams filed a claim with the Social Security Administration ("the agency") for widower's disability insurance benefits, and he requested an administrative hearing. A hearing was scheduled for September 11, 2003 before an Administrative Law Judge ("ALJ"). Williams appeared for the hearing but requested a continuance. The ALJ granted the request and rescheduled the hearing for December 3, 2003, specifically advising Williams that if he failed to appear for the rescheduled hearing, his hearing request would be dismissed without further notice.

On December 8, 2003, the ALJ issued an order dismissing the hearing request. The order noted that Williams failed to appear at the rescheduled hearing despite having been advised personally of the time and place of the hearing and of the possibility of dismissal if he failed to attend, and the ALJ found that Williams had shown no good cause for failing to appear. Williams filed a request for review by the Appeals Council, but the Appeals Council denied his request on March 19, 2004.

Williams then filed his complaint in District Court. The agency Commissioner moved to dismiss the complaint for lack of subject matter jurisdiction, arguing that the dismissal of Williams's hearing request did not constitute a "final decision" for purposes of judicial review under 42 U.S.C. § 405(g). Williams filed a motion to "withdraw and remand" the matter to the agency. After receiving supplemental submissions by the parties, the District Court initially granted Williams's motion to remand his claim. The

2

Commissioner filed a motion to alter or amend the judgment, asserting that, because the District Court lacked subject matter jurisdiction over the matter, it was without authority to grant Williams's motion to remand the proceedings. Williams filed a reply. The District Court granted the Commissioner's motion and dismissed Williams's complaint for lack of subject matter jurisdiction.

Williams appeals. We have jurisdiction to review the District Court's order under 28 U.S.C. § 1291. Our review of the dismissal of Williams's complaint for lack of subject matter jurisdiction is plenary. Tobak v. Apfel, 195 F.3d 183, 185 (3d Cir. 1999).

The District Court's jurisdiction over claims arising under the Social Security Act is provided by 42 U.S.C. § 405(g), which states, in part, that an "individual, after any final decision of the Commissioner of Social Security made after a hearing . . . may obtain a review of such decision by a civil action." Without a "final decision," the District Court has no jurisdiction to review the Commissioner's determination. Fitzgerald v. Apfel, 148 F.3d 232, 234 (3d Cir. 1998) (citing Mathews v. Eldridge, 424 U.S. 319, 328 (1976)). In this case, the ALJ dismissed Williams's hearing request after Williams failed to appear at the rescheduled hearing and showed no good cause for his failure to attend. No hearing was conducted, and no final decision has been made. See Hoye v. Sullivan, 985 F.2d 990 (9th Cir. 1992) (per curiam) (district court lacked subject matter jurisdiction under section 405(g) where Social Security claimant, by refusing to attend scheduled ALJ hearing, waived his opportunity for hearing and failed to exhaust administrative remedies upon

3

which judicial review depends).

As discussed by the District Court, we recognize that colorable claims of constitutional violations confer federal court jurisdiction despite lack of a final decision. See Califano v. Sanders, 430 U.S. at 108-09; Bacon v. Sullivan, 969 F.2d 1517, 1521-22 (3d Cir. 1992). On this point, Williams alleged, among other things, that the consulting physician's examination report had a discriminatory effect because it stated that Williams had emotional problems. Williams asserted that the agency has a racist mind set that negatively affected the outcome of his claim. However, for essentially the same reasons given by the District Court, we conclude that Williams's unsupported suppositions that the agency had a racially-biased agenda do not create a constitutional issue that would confer federal court jurisdiction over this matter. Williams presented no evidence that the agency dismissed his hearing request for reasons other than those applied to all claimants who fail to attend their hearings.[1]

We have considered all of Williams's arguments and find them to be without

---

[1] Williams also alleged that the consulting physician violated his constitutional rights by failing to advise him that his statements during the examination could be used against him in the administrative proceedings. In support, Williams cites Miranda v. Arizona, 384 U.S. 436 (1966). The right protected under the Fifth Amendment is the right not to be compelled to be a witness against oneself in a criminal prosecution. We observe that the agency proceedings on Williams's claim for widower's disability insurance benefits are non-criminal proceedings. Moreover, whatever statements he made during the examination did not have any substantive impact on his claim for benefits, because the matter was dismissed before the agency could render a final decision. We discern no constitutional claim here.

4

merit. For the foregoing reasons, we will affirm the District Court's order dismissing the complaint for lack of subject matter jurisdiction. Williams's motion for the appointment of counsel is denied.