DLD-118                                                                 NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3190
_____

STEVEN C. THOMPSON,
                                                    Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 09-cv-04736)
District Judge:  Honorable Peter G. Sheridan
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 17, 2011

Before:  BARRY, FISHER and ROTH, Circuit Judges

(Opinion filed May 2, 2011)
_____

OPINION
_____

PER CURIAM

    Appellant Steven C. Thompson brought suit in the United States District Court for

the District of New Jersey seeking to reverse or reopen his prior unsuccessful application

for Social Security disability benefits. He now appeals from an order of the District Court denying his motion for recusal and dismissing his complaint for lack of jurisdiction. For the reasons that follow, we will summarily affirm.

I.

On April 15, 1996, Thompson filed a claim for disability insurance benefits ("DIB") and Supplemental Security Income under the Social Security Act. His applications were denied initially, and upon reconsideration by an administrative law judge ("ALJ"), who issued a decision denying his applications on December 23, 1998. On February 20, 1999, Thompson requested review of the decision by the Appeals Council. On September 11, 1999, while his appeal was pending, Thompson filed another application for DIB. His second application was denied on December 14, 1999.

On January 28, 2000, Thompson brought suit in the United States District Court for the District of New Jersey seeking judicial review of the denial of his claims for DIB. Because the Appeals Council had not yet rendered a final decision for either of Thompson's claims, the District Court dismissed Thompson's request for judicial review for lack of jurisdiction. The District Court also rejected Thompson's claim that his due process rights had been violated by the agency. We affirmed. See Thompson v. Comm'r of Soc. Sec., 281 F.3d 224 (3d Cir. 2001) (Table).

On January 31, 2002, the Appeals Council denied Thompson's request for review. Thompson then commenced a second civil action in the District Court seeking judicial

2

review of the ALJ's December 23, 1998 decision. See D.N.J. No. 02-cv-01150. The District Court affirmed the agency's decision. We affirmed the decision of the District Court. Thompson v. Sec'y of Health & Human Servs., 112 F. App'x 868 (3d Cir. July 13, 2004) (Table).

On September 14, 2009, Thompson commenced the civil action upon which his present appeal is based, seeking to reverse the denial of his prior claims, or to reopen his claims and/or remand his claims for a further hearing. He alleges that the Social Security Administration's prior decisions were not based on substantial evidence and that the ALJ and the District Court violated his due process rights. Compl. ¶ 3-4, 6. He also alleges that he has new evidence supporting his claim for disability. Compl. ¶ 1-2. The Commissioner of Social Security moved to dismiss the complaint on the grounds that (1) the District Court lacked jurisdiction to reopen a final decision of the Commissioner, and (2) Thompson's attacks on the agency's prior decisions were barred by the doctrine of res judicata.

On December 3, 2009, Thompson moved for District Judge Peter G. Sheridan to remove himself for bias, prejudice, obstruction of justice, civil rights violations, and criminal activities, pursuant to 28 U.S.C. §§ 144 and 455. On July 8, 2010, Judge Sheridan held a hearing on Thompson's motion for recusal and the Commissioner's motion to dismiss.[1] Ruling from the bench, the District Court denied Thompson's recusal

---

[1] Thompson was informed of the hearing but did not appear.

motion and dismissed his complaint with prejudice.[2]

This appeal followed.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We will summarily affirm if Thompson's appeal presents no substantial question. See 3d Cir. L.A.R. 27.4 and 3d Cir. I.O.P. 10.6. We exercise plenary review over the District Court's order granting the Commissioner's motion to dismiss Thompson's complaint on the basis of res judicata. See Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 172 (3d Cir. 2009). We review a judge's decision not to recuse, under either 28 U.S.C. § 144 or § 455, for an abuse of discretion. Securacomm Consulting, Inc. v. Securacom Inc., 224 F.3d 273, 278 (3d Cir. 2000); Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3d Cir. 1990).

## III.

We first address Thompson's appeal of the District Judge's decision not to recuse himself based on Thompson's allegations of bias and prejudice. Under § 144, a judge must recuse if a party files a "sufficient affidavit" establishing that the judge has a personal bias or prejudice against the party seeking recusal, or in favor of the adverse party. 28 U.S.C. § 144; see also Jones, 899 F.2d at 1356. Under § 455, a judge must recuse where the judge's impartiality "might reasonably be questioned." 28 U.S.C. §

---

[2] The Commissioner took no position on Thompson's recusal motion before the District Court, and does not address the issue on appeal.

455(a). After a careful and independent review of the record, we find nothing in it to indicate that the District Judge in Thompson's case was personally biased against him under 28 U.S.C. § 144, or that a reasonable person would "harbor doubts concerning the judge's impartiality" under 28 U.S.C. § 455(a). Jones, 899 F.2d at 1356.

Thompson's allegations of prejudice relate to two prior occasions when Thompson appeared before Judge Sheridan, and Judge Sheridan issued adverse rulings against him, both having to do with Thompson's inability to practice law without a license. We agree with the District Court that Thompson's allegations amounted to mere disagreement with the court's adverse rulings, which does not form a sufficient basis for recusal under § 144 or § 455(a). See Securacomm, 224 F.3d at 278. Moreover, we find nothing in the record to suggest that Judge Sheridan has developed "a deep-seated favoritism or antagonism" toward Thompson that would "make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994). In short, we discern no abuse of the District Court's discretion in the denial of Thompson's recusal motion.

We next address whether the District Court erred in dismissing Thompson's complaint, which sought to reopen or overturn the denial of his prior claims for benefits under the Social Security Act. To the extent that Thompson's complaint seeks to reopen a final decision of the Commissioner, our precedent is clear that the District Court has no authority under Section 205(g) of the Social Security Act to do so. See 42 U.S.C. §§ 405(g), (h); see also Tobak v. Apfel, 195 F.3d 183, 187 (3d Cir. 1999) ("It is well settled

5

that federal courts lack jurisdiction under § 205 to review the Commissioner's discretionary decision to decline to reopen a prior application or to deny a subsequent application on res judicata ground.") (citations omitted).[3] The Social Security Act does provide that the District Court may remand a matter to the Commissioner based on new and material evidence, provided there is good cause for the failure to incorporate such evidence in the prior proceeding. 42 U.S.C. § 405(g); see also Szubak v. Sec'y of Health & Human Servs., 745 F.2d 831, 833 (3d Cir. 1984). Here, the "new evidence" Thompson seeks to introduce is evidence that his condition has worsened in the time since the Commissioner denied Thompson's prior claim. This is not "new" evidence under § 405(g) because it is not evidence that was available for consideration at the time the Commissioner rendered the challenged decision. Such evidence does not relate to the time period for which benefits were denied, nor is it material to the decision the Commissioner arrived at ten years ago. Szubak, 745 F.2d at 833 (noting that an implicit materiality requirement is that the new evidence "not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition"). Therefore, there is no basis to disturb the Commissioner's prior decision based on Thompson's proffered new evidence.

Nor is this "one of those rare instances where the Secretary's denial of a petition to

---

[3] At the outset, Thompson has never asked the agency to reopen his claim. Regardless, even assuming that this action arose from an agency denial, the District Court is not permitted to review a decision by the agency not to reopen. See Califano v.

reopen is challenged on constitutional grounds." Califano v. Sanders, 430 U.S. 99, 109 (1977); see also Penner v. Schweiker, 701 F.2d 256, 260 (3d Cir. 1983). In the first instance, this civil action does not arise from the denial of a petition to reopen. Further, Thompson did not raise any constitutional issues before the District Court that were not barred by res judicata.

Thompson's claims in the present suit — that the Commissioner's prior denial of benefits was not supported by substantial evidence and that the agency violated his due process rights — are essentially identical to those made in his prior suits. These claims were litigated between the same parties, and a final decision was reached on the merits. See Thompson, 112 F. App'x at 868 (affirming District Court's decision affirming Commissioner's final decision to deny Thompson's claim for Social Security benefits); Thompson, 281 F.3d at 224 (affirming the District Court's decision rejecting Thompson's due process claim after finding no evidence of bad faith, dilatory motive, or lack of even-handedness on the part of the agency). Thus, the District Court was correct to dismiss these claims as barred by the doctrine of res judicata. See Elkadrawy, 584 F.3d at 172.

## IV.

Because this appeal presents "no substantial question," we will summarily affirm the District Court's judgment. See LAR 27.4; 3d Cir. I.O.P. 10.6. Appellant's motion for leave to file a response in excess of the page limitation is granted.

---

Sanders, 430 U.S. 99, 107-08 (1977); Tobak, 195 F.3d at 187.