CLD-126                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4643
_____

JOSEPH ARUANNO,
                                        Appellant

v.

COMMISSIONER OF SOCIAL SECURITY; JOHN/JANE DOES 1-25
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 11-cv-02521)
District Judge:  Honorable William J. Martini

_____

Submitted for Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
February 24, 2012

Before: RENDELL, HARDIMAN AND VAN ANTWERPEN, Circuit Judges

(Opinion filed March 26, 2012)
_____

OPINION
_____

PER CURIAM

        Joseph Aruanno appeals an order of the United States District Court for the

District of New Jersey granting Defendant's motion to dismiss the complaint for lack of

subject matter jurisdiction.  We will affirm the judgment of the District Court.

Aruanno filed a pro se complaint in the District Court against the Commissioner of the Social Security Administration ("SSA") and twenty-five John and Jane Doe Defendants seeking judicial review of his suspension of Social Security disability ("SSDI") benefits.

In July 1995, an Administrative Law Judge ("ALJ") awarded Aruanno SSDI benefits with an entitlement date of November 1993. In December 1996, after the SSA learned that Aruanno was incarcerated as a result of a New Jersey state court conviction for second-degree sexual assault, his SSDI benefits were suspended. In 2004, while still serving his prison sentence, Aruanno was involuntarily committed pursuant to the New Jersey Sexually Violent Predators Act ("SVPA") and placed in civil detention in the Special Treatment Unit ("STU"), where he currently resides. His SSDI benefits remain suspended.

According to Aruanno's complaint, he contacted the SSA via letter in 2004 seeking to have his benefits restored, but was unsuccessful. Several years later, in November 2007, Aruanno again wrote the SSA demanding that his benefits be restored. After receiving no response from the SSA for several years, Aruanno filed the instant action in April 2011. Aruanno sought an order from the District Court restoring his SSDI benefits retroactive to 2004. The SSA moved to dismiss the complaint, arguing that because Aruanno failed to exhaust administrative remedies and thus did not obtain a judicially reviewable "final decision," the District Court lacked subject matter jurisdiction over the complaint. In December 2011, the District Court concluded that it

2

lacked jurisdiction over the lawsuit, granted the SSA's motion to dismiss, and dismissed Aruanno's complaint. Aruanno appeals.

We have jurisdiction to review the District Court's order under 28 U.S.C. § 1291. Our review of the dismissal of Aruanno's complaint for lack of subject matter jurisdiction is plenary. Tobak v. Apfel, 195 F.3d 183, 185 (3d Cir. 1999). The District Court's jurisdiction over claims arising under the Social Security Act is provided by 42 U.S.C. § 405(g), which states, in part, that an "individual, after any final decision of the Commissioner of Social Security made after a hearing . . . may obtain a review of such decision by a civil action." Without a "final decision," the District Court has no jurisdiction to review the Commissioner's determination. Fitzgerald v. Apfel, 148 F.3d 232, 234 (3d Cir. 1998) (citing Mathews v. Eldridge, 424 U.S. 319, 328 (1976)). We agree with the District Court that there is no such decision here.

Under SSA regulations, an individual claiming entitlement to benefits first receives an initial determination. 20 C.F.R. § 404.902. If dissatisfied with that determination, the claimant may seek reconsideration. 20 C.F.R. § 404.907. If the claimant is dissatisfied with that determination, he or she may request a hearing before an ALJ. 20 C.F.R. § 404.929. If the claimant is dissatisfied with the ALJ's hearing decision, he or she may request that the Appeals Council review the decision. 20 C.F.R. § 404.967. The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner. 20 C.F.R. § 404.981. The Appeals Council may also grant the request for review and issue its own decision. Id. In

3

either case, the claimant may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action. Id.; see also 20 C.F.R. § 422.210. If the claimant does not pursue administrative appeal rights, the administrative determination or decision becomes binding. 20 C.F.R. §§ 404.905, 404.921, 404.955, 404.981.

Aruanno's benefits were suspended in 1996 after he was incarcerated. Under the Social Security Act and pursuant to SSA regulations, disability insurance benefits may not be paid to an individual who is incarcerated for a criminal offense, or who is committed to an institution as a sexually dangerous person. See 42 U.S.C. § 402(x)(1)(A); 20 CFR § 404.468. The regulations indicate that nonpayment of benefits due to incarceration is considered an initial determination. See 20 C.F.R. § 404.902(t). Aruanno does not dispute that he failed to seek formal reconsideration of the initial determination to suspend his benefits, or otherwise pursue an administrative appeal. Because Aruanno did not exhaust his administrative remedies, he did not receive a "final decision" for the District Court to review and thus, the complaint was properly dismissed for lack of jurisdiction.[1]

As this appeal does not raise a substantial question, we will affirm the judgment of the District Court. See Third Cir. LAR 27.4; I.O.P. 10.6.

---

[1] We agree with the District Court that Aruanno's complaint did not raise any claims collateral to his claim for benefits which might justify waiving the exhaustion requirement. See Fitzgerald, 148 F.3d at 234.