CLD-177                                                                 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4341
_____

JOSEPH ARUANNO,
                                          Appellant

v.

COMMISSIONER OF SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-12-cv-05030)
District Judge:  Honorable William J. Martini
_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
March 28, 2013
Before:  RENDELL, JORDAN and VAN ANTWERPEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed April 18, 2013)
_____

OPINION
_____

PER CURIAM

        Joseph Aruanno appeals an order of the United States District Court for the

District of New Jersey dismissing his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

We will summarily affirm the judgment of the District Court.

On July 29, 2012, Aruanno filed a pro se complaint in the District Court against the Commissioner of the Social Security Administration ("SSA") seeking judicial review of his suspension of Social Security disability ("SSDI") benefits. His SSDI benefits were suspended after he was incarcerated in 1996. He claimed that he "attempted to restart benefits [he] had previously been collecting but . . . [the SSA] refuses to submit a formal written decision." (Dkt. No. 1, p. 6.) Aruanno requested injunctive relief to force the SSA to issue a final decision or a determination that he had exhausted his administrative remedies, so that the District Court could exercise jurisdiction over his case. (Id. at 7.) The District Court dismissed his complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B), or alternatively, for lack of subject matter jurisdiction. (Dkt. No. 2, p. 4.) Aruanno timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the dismissal of Aruanno's complaint is plenary. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000) (failure to state a claim); Tobak v. Apfel, 195 F.3d 183, 185 (3d Cir. 1999) (lack of subject matter jurisdiction). We may affirm the District Court on any ground supported by the record. See OSS Nokalva, Inc. v. European Space Agency, 617 F.3d 756, 761 (3d Cir. 2010).

The District Court found that Aruanno raised the same claims in a previous case against the same party. Because that case was dismissed for lack of subject matter jurisdiction due to Aruanno's failure to exhaust administrative remedies, Aruanno v. Astrue, No. 11-cv-2521, 2011 WL 6029684 (D.N.J. Dec. 5, 2011), aff'd, 471 F. App'x

87, 89 (3d Cir. 2012), the District Court dismissed his complaint under the doctrine of claim preclusion, see Duhaney v. Att'y Gen., 621 F.3d 340, 347 (3d Cir. 2010). However, we express no opinion on that determination because we will affirm the dismissal of Aruanno's complaint on the ground that the District Court again lacked subject matter jurisdiction over it given his failure to exhaust his administrative remedies. Fitzgerald v Apfel, 148 F.3d 232, 234 (3d Cir. 1998) (absent "final decision," District Court has no jurisdiction to review SSA determination). Aruanno's complaint did not raise any claims collateral to his claim for benefits that would justify waiving the exhaustion requirement. See Fitzgerald, 148 F.3d at 234. In his opposition to summary action, Aruanno does not argue that he took any steps to exhaust his administrative remedies, even after our previous decision affirming the District Court dismissal of his complaint for failure to do so.

Accordingly, because this appeal presents no substantial question, we will summarily affirm the District Court's dismissal of Aruanno's complaint. 3d Cir. LAR 27.4 and I.O.P. 10.6.