**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

————

No. 17-2509

————

KENYOTTA TIMMONS,
                              Appellant

v.

COMMISSIONER OF SOCIAL SECURITY

————————————————————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-16-cv-01550)
District Judge:  Honorable Robert B. Kugler

————————————————————

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 11, 2017
Before:  JORDAN, RESTREPO, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  December 15, 2017)

————

OPINION*

————

PER CURIAM

        Pro se appellant Kenyotta Timmons appeals from the District Court's order

granting the motion of appellee Commissioner of Social Security ("Commissioner") to

dismiss his complaint for lack of subject matter jurisdiction.  For the reasons stated

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

herein, we will affirm in part, vacate in part, and remand to the District Court for proceedings consistent with this opinion.

From the complaint and other filings in the District Court, we glean the following facts. Timmons requested a hearing with an Administrative Law Judge ("ALJ") alleging that the Commissioner had incorrectly determined that his disability had ceased. A hearing was scheduled, and Timmons was sent a notice which, among other things, set forth the time and place of the hearing, advised him that he was responsible for his transportation costs, and warned him that failure to appear at the hearing without good cause would result in automatic dismissal of his hearing request.

On the day of the hearing, Timmons called the hearing site and explained that he would not be attending the hearing because he could not afford the transportation costs. He also sent a letter to the Commissioner, which belatedly asked for a postponement of the hearing on the basis that he was "[i]ndigent having not enough money to[] pay for transportation costs to this hearing today." On that same day, the ALJ issued and sent him a request to show cause for failure to appear with instructions to return a written explanation of why he did not come to the hearing.

In his response to the request to show cause, Timmons again explained that he was "indigent" and unable to afford to travel to the hearing site; he also explained that he did not go to the hearing because of "[e]pile[p]tic seizure and ongoing continuous relapse of [his] disability condition." The ALJ, in his subsequent order of dismissal, noted that Timmons had been notified that his transportation costs were not payable to the hearing

2

site, and concluded that the inability to pay such costs did not constitute good cause for having missed the hearing. Timmons requested review by the Appeals Council. The Appeals Council denied his request for review.

Timmons then filed a civil action in the District Court, seeking judicial review of the administrative proceedings. The Commissioner moved to dismiss the complaint for lack of subject matter jurisdiction, on the basis that Timmons's failure to attend the hearing meant that he had failed to obtain a final decision that would permit judicial review of the merits of his claim. The District Court granted the motion and dismissed the case for lack of subject matter jurisdiction. The District Court further concluded that Timmons's complaint did not present any constitutional issue over which it could exercise jurisdiction.

This appeal followed. We have jurisdiction to review the District Court's order under 28 U.S.C. § 1291. Our review of the dismissal of Timmons's complaint for lack of subject matter jurisdiction is plenary. Tobak v. Apfel, 195 F.3d 183, 185 (3d Cir. 1999).

The District Court's jurisdiction over claims arising under the Social Security Act is provided by 42 U.S.C. § 405(g), which states, in relevant part, that an "individual, after any final decision of the Commissioner of Social Security made after a hearing . . . may obtain a review of such decision by a civil action." The Supreme Court has stated that § 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision' of the [Commissioner] made after a hearing." Califano v. Sanders, 430 U.S. 99, 108 (1977). But these exhaustion requirements may be waived where the claimant

3

alleges a colorable claim implicating a constitutional issue.  See id. at 108-09; Bacon v. Sullivan, 969 F.2d 1517, 1521-22 (3d Cir. 1992).

In part of his complaint, Timmons discussed the decision to terminate his benefits and stated that a Social Security representative should have accessed his medical and hospitalization records.  Complaint at 2.  As recounted above, Timmons did not attend his scheduled hearing, and the ALJ dismissed Timmons's hearing request for failure to show good cause for having missed the hearing.  Accordingly, because no hearing was ever held, the District Court was correct that no "final decision" had been made, and it thus lacked jurisdiction under § 405(g) to review the disability determination.  See, e.g., Hoye v. Sullivan, 985 F.2d 990, 991 (9th Cir. 1992) (per curiam) (holding that district court lacked subject matter jurisdiction under § 405(g) where Social Security claimant, by refusing to attend scheduled ALJ hearing, failed to exhaust administrative remedies upon which judicial review depends).

But the District Court was not correct in its conclusion that Timmons had not alleged a colorable constitutional claim over which it had jurisdiction.  Timmons's pro se complaint, which must be construed liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007), can reasonably be interpreted as alleging that he was denied due process because the ALJ did not follow the appropriate agency regulations to determine if he established good cause for failing to attend the hearing.  Relevant here, he specifically challenged the ALJ's denial of his request for review because of his failure to show good cause. Complaint at 1; Doc. No. 11-1, Exhs. 11-13.  In support, Timmons explained that various

4

problems prevented him from attending the hearing. For instance, he wrote in his complaint – just as he did in his response to the request to show cause[1] – that he was unable to attend the hearing because of a "relapse of [his] disability condition." See 20 C.F.R. §§ 404.957(b)(2), 416.1457(b)(2) (stating that, in determining whether good cause exists for failing to attend the hearing, "[the Commissioner] will consider any physical, mental, educational, or linguistic limitations [] which [the claimant] may have"); Dexter v. Colvin, 731 F.3d 977, 981-82 (9th Cir. 2013) (explaining that "if a claimant provides a facially legitimate reason that constitutes 'good cause' under the Commissioner's regulations, then due process requires that the ALJ address it") (citation omitted)). Accordingly, and while we express no opinion on the merits of Timmons's due process claim, it is apparent that Timmons made a colorable constitutional claim over which the District Court had jurisdiction.[2]

_____

[1] The ALJ may not have considered Timmons's response to the request to show cause. The ALJ's order of dismissal only refers to Timmons's statement that he was "[i]ndigent having not enough money to[] pay for transportation costs to this hearing today." But that statement is not taken from Timmons's response to the request to show cause – it appears in the letter that Timmons sent the Commissioner on the day of the hearing.

[2] In his complaint, Timmons challenged the decision to deny him a hearing as much or more than the decision to deny him benefits. However, he did not present arguments about the decision to deny him review because of his inability to attend the hearing until the end of his reply brief. (He also discussed the issue in a subsequently filed letter in support of his appeal). Absent extraordinary circumstances, an appellant's failure to raise and argue an issue in his opening brief results in the waiver of that issue on appeal. See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (citing Federal Rules of Appellate Procedure 28 and Local Rule 28.1); see also Al-Ra'Id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995) (noting that pro se litigants are not excepted from this requirement). Under the circumstances of this case, we conclude that it is appropriate to consider whether

For the foregoing reasons, we will affirm the dismissal order to the extent the District Court concluded that it lacks subject matter jurisdiction under § 405(g) over the adverse disability determination, but we will otherwise vacate the order and remand this matter to the District Court for further proceedings, including the consideration of Timmons's constitutional claim.

---

Timmons stated in his complaint a colorable claim that he was deprived of his right to the due process of law when the ALJ denied him review without a hearing. Cf. Gambino v. Morris, 134 F.3d 156, 168-69 (3d Cir. 1998). And we note that the Commissioner will not be prejudiced by our consideration of this issue; in its response brief, the Commissioner addressed the issue of whether Timmons stated a colorable constitutional claim over which the District Court had jurisdiction. Cf. id.

6