**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2742
_____

SCOTT JAMES REPELLA,
                                        Appellant

v.

COMMISSIONER SOCIAL SECURITY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-18-cv-00112)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 11, 2018
Before:  CHAGARES, BIBAS, and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 21, 2018)
_____

OPINION*
_____

PER CURIAM

    Scott James Repella (Repella) appeals the District Court's order granting the

Commissioner of Social Security's (Appellee) motion to dismiss for lack of subject

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

matter jurisdiction.  For the following reasons, we will affirm.

In August 2016, Repella filed applications with the Social Security Administration for Child Disability Benefits (CDB) and Supplemental Security Income (SSI).  In December 2016, Repella was denied benefits and subsequently filed a request for a hearing in front of an Administrative Law Judge (ALJ).  In March 2017, the ALJ dismissed the request for a hearing, stating:

> Recently it was brought to the attention of the undersigned that the claim currently before him is considered to be a duplicate claim, as documentation in the file reveals that the claimant's prior claim for [SSI] Benefits was improperly terminated due to his failure to cooperate.  As such, the claimant's prior claim for [SSI] Benefits *will be reinstated* once this record is closed.
>
> As for the claimant's current claim for [CDB], it has been determined that Mr. Repella is not eligible for [CDB] due to his marriage to a non-RSI beneficiary in August 2014.
>
> Based on the above, the undersigned *has deemed this claim to be a duplicate claim* and hereby *dismisses the request for hearing* filed on December 28, 2016.  This claim *will be returned* to the jurisdiction of the Scranton field office for further action.

Dkt. #1-5 (emphasis added).  Subsequently, Repella sought review by the Appeals Council.  The Appeals Council denied Repella's request for review because it found no reason to review the ALJ's dismissal, noting, in pertinent part:

> The [ALJ] dismissed your request for hearing pertaining to your claim for [CDB] *because you had no right to a hearing*.  Your CDB claim was *referred back to the lower level* (the Field Office) for further processing.  As also explained in the dismissal order, your claim for [SSI] remains undisturbed.

Dkt. #12-1 at 18 (emphasis added).

Repella filed an action in the District Court, seeking judicial review of the

2

administrative proceedings.  Appellee moved to dismiss Repella's complaint for lack of

subject matter jurisdiction, arguing that the ALJ's order dismissing Repella's request for

a hearing was not a "final decision" over which the District Court had jurisdiction.  The

issue was referred to a Magistrate Judge, who recommended the motion to dismiss be

granted.  After considering Repella's objections, the District Court adopted the

Magistrate Judge's Report and Recommendation and granted Appellee's motion to

dismiss for lack of subject matter jurisdiction.

We have jurisdiction to review the District Court's dismissal pursuant to 28 U.S.C.

§ 1291.  We review de novo the dismissal of Repella's complaint for lack of subject

matter jurisdiction.  See Tobak v. Apfel, 195 F.3d 183, 185 (3d Cir. 1999).

"The Social Security Act provides that '[a]ny individual, after any *final decision*

of the Commissioner of Social Security made *after a hearing* to which he was a party, . . .

may obtain a review of such decision by a civil action' in federal district court."  Sims v.

Apfel, 530 U.S. 103, 106 (2000) (emphasis added) (quoting 42 U.S.C. § 405(g)).  The

term "final decision" is not statutorily defined; rather, its meaning is fleshed out in the

Act's regulations.  Id. (citing 42 U.S.C. § 405(a)).  A "final decision" is one rendered

after a claimant has completed a four-step administrative review process consisting of an

initial determination, reconsideration, a hearing before an ALJ, and Appeals Council

review.  20 C.F.R. § 416.1400(a).[1]  "A 'final decision' is a particular type of agency

---

[1] The applicable rules used in this case are in Title 20, Chapter III, Part 404 (Subpart J) and Part 416 (Subpart N).  They are, for all intents and purposes, identical, so we will only cite to Part 416.

3

action, and *not all* agency determinations are final decisions." Bacon v. Sullivan, 969

F.2d 1517, 1519 (3d Cir. 1992) (emphasis added).

Repella contends that he went through all four steps of the administrative review

process, and submits documentation that he argues proves he was handed a "final

decision" conferring jurisdiction under 42 U.S.C. § 405(g).  He takes issue with the

District Court relying on the declaration of Nancy Chung,[2] who detailed Repella's

administrative progress and stated that "[a]s of the date of this declaration, there has been

no [ALJ] decision for this plaintiff."  Dkt. #12-1 at 3.  Repella argues that the ALJ's order

did, in fact, make a "decision" on his CDB benefits when it stated "it has been

determined that Mr. Repella is not eligible for [CDB] due to his marriage to a non-RSI

beneficiary in August 2014."  He argues that he appealed this "decision" to the Appeals

Council, that his appeal was denied, and that a final decision thus was rendered.

We disagree.  First, we note that Chung's declaration that the ALJ has not

rendered a "decision" for Repella is accurate: the ALJ issued an order *denying a request*

*for a hearing*.  The ALJ did not rule on the merits of the underlying claim; rather, the

ALJ observed that it was a duplicate claim and noted that it would be returned to the

Scranton field office for further action.  This is not a "decision" within the context of the

regulations, but instead a determination that a hearing was not warranted.[3]  Compare 20

---

[2] Chung is the Acting Chief of Court Case Preparation and Review for the Social Security
Administration.
[3] Admittedly, the ALJ's brief order is not a model of clarity in the way it references "this
claim" throughout, and we can see why Repella might interpret the order as making a
decision on the merits of his CDB claim.  However, the Appeals Council decision makes
clear that the ALJ referred Repella's CDB claim back to the field office and that his SSI

4

C.F.R. § 416.1453 (noting a "decision of an [ALJ]" is issued via a written decision which gives findings of fact, reasons for the decision, and which must be based on the preponderance of the evidence offered at the hearing or in the record), with 20 C.F.R. § 416.1457 (detailing an ALJ's "dismissal of a request for a hearing"); see also Bacon, 969 F.2d at 1519 (noting *not all* agency determinations are final decisions). Accordingly, because the ALJ's order denying Repella's hearing request was made without a hearing, it does not fall within the purview of 42 U.S.C. § 405(g). See Hilmes v. Sec'y of Health & Human Servs., 983 F.2d 67, 69–70 (6th Cir. 1993) (reasoning that a denial of a hearing request, though binding on the parties, does not constitute a reviewable decision under § 405(g)); see also Tobak, 195 F.3d at 187. Thus, the District Court lacked subject matter jurisdiction to entertain Repella's action.

Repella contends, however, that the District Court had jurisdiction to consider his constitutional claim alleging a denial of due process. See Rogerson v. Sec'y of Health & Human Servs., 872 F.2d 24, 28 (3d Cir. 1989) (noting, if there has been no hearing, a district court has jurisdiction to review an administrative decision only when a colorable constitutional issue is presented (citing Califano v. Sanders, 430 U.S. 99, 109 (1977))). Repella distinguishes his case from the various cases relied upon by the District Court, highlighting that those plaintiffs were afforded an opportunity for a hearing, did not show up to the hearing, and subsequently the ALJ dismissed the request for the hearing.[4] In

_____

benefits were undisturbed; thus, no final decision was rendered by the ALJ.

[4] See, e.g., Timmons v. Comm'r Soc. Sec., 719 F. App'x. 162, 164 (3d Cir. 2017) (not precedential) (per curiam); Van Williams v. Soc. Sec. Admin., 152 F. App'x 153, 154–55

5

contrast, in his case, he was never afforded an opportunity for a hearing in the first place.

Be that as it may, Repella has not raised a *colorable* constitutional claim, because he has not been deprived of due process; rather, the process is still ongoing. Indeed, as the Appeals Council noted, Repella's CDB claim was referred back to the lower field office for further processing, while his SSI claim remained undisturbed. Though we sympathize with the frustration Repella has experienced while attempting to navigate the administrative review process, we are assured by Appellee that Repella's case is ready for a hearing before an ALJ.[5] If Repella does not prevail in his renewed administrative proceedings he will, upon receipt of a final decision on the merits, have the right to review in federal court.

For the foregoing reasons, we will affirm the judgment of the District Court.

---

(3d Cir. 2005) (not precedential) (per curiam).

[5] Appellee represents to us that "Repella's CDB claim is ready to be scheduled for a hearing before an ALJ. No further action is needed on Repella's part to have the claim scheduled for a hearing. The Agency will issue an order providing a date for a hearing on Repella's CDB claim without further delay." Appellee's Br. 7, n.3. Similarly, Appellee asserts that Repella's SSI benefits have been restored. Appellee's Br. 14.